IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HENRY SHERE QUEENER, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Case No. 3:10-cv-341<br><br>Judge Thomas A. Wiseman, Jr. |

**MEMORANDUM OPINION**

Before the Court is Plaintiff Henry Shere Queener, Jr.'s Motion for Judgment on the Administrative Record (Doc. No. 9), seeking judicial review of the Commissioner's determination that, as of April 1, 2004, Plaintiff was performing substantial gainful activity and was therefore no longer disabled for purposes of the Social Security Act. In response to the motion, the Defendant Commissioner of Social Security asserts that the agency's decision to discontinue benefits is supported by substantial evidence in the record and should be upheld.

The prior referral of this case to the Magistrate Judge will be withdrawn. For the reasons explained herein, the Court finds that the Commissioner's decision is supported by substantial evidence in the record. Plaintiff's motion will therefore be denied, and the Commissioner's decision affirmed.

**I. PROCEDURAL BACKGROUND**

On February 10, 2003, Plaintiff was found to have been disabled since February 4, 2002 due to multiple myeloma and kidney failure.[1] On October 28, 2005, the Social Security Administration determined that Plaintiff was no longer disabled as of April 1, 2004 on the basis that he had completed a trial work period of nine non-consecutive months and began performing substantial gainful activity as of April 1, 2004. This determination was upheld upon reconsideration. Plaintiff filed a timely written request for a hearing before an Administrative Law Judge ("ALJ"), which was conducted on March 12, 2009.

---

[1] Plaintiff's kidneys were removed during the disability period and he was on dialysis three times a week for a period of time. He obtained a kidney transplant on April 14, 2006, following which he made a speedy recovery and returned to full-time work in his regular occupation in June 2006. Born in 1941, Plaintiff reached full retirement age in January 2007.

Plaintiff was represented by an attorney. The sole issue presented was whether Plaintiff's disability had ended under the Social Security Act on the basis that he was performing substantial gainful activity.

In his written decision dated June 5, 2009, the ALJ held that (1) Plaintiff completed a trial work period that began in June 2003 and ended in March 2004, 20 C.F.R. § 404.1592(e); (2) after completing the trial work period, Plaintiff first performed substantial gainful activity beginning in April 2004, 20 C.F.R. § 404.1571 *et seq.*; and (3) Plaintiff's disability ended on April 1, 2004, the first month after the completion of the trial work period in which he engaged in substantial gainful activity, 20 C.F.R. §§ 404.1592(a)(1) and 404.1594(f)(1)). (AR 20–22.)

Plaintiff filed a timely request for Appeals Council review of the ALJ's decision, which was denied on March 16, 2010, rendering the ALJ's decision the final agency determination. Plaintiff thereafter filed this action seeking review of the Commissioner's decision.

## III. APPLICABLE LEGAL STANDARDS

This Court must affirm the Commissioner's conclusions absent a determination that the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial-evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)) (internal quotation marks omitted). If substantial evidence supports the Commissioner's decision, this Court must defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Warner*, 375 F.3d at 390 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

## IV. ANALYSIS AND DISCUSSION

In his present Motion, Plaintiff asserts that the ALJ committed reversible error by finding that (1) he had completed a trial work period, under 20 C.F.R. § 404.1592(e), beginning in June 2003 and ending in March 2004; (2) he began performing substantial gainful activity in April 2004, the first month following the trial work period; and (3) alternatively, the payments Plaintiff received during the relevant time period "were not actual earnings, but a subsidy he received from his employer." (Doc. No. 10, at 2.) As

discussed below, it is clear that Plaintiff misapprehends the nature and purpose of a trial work period, and what constitutes substantial gainful activity for purposes of the Social Security Act.

### A. Cessation of Disability Benefits

The central issue on appeal is whether substantial evidence supports the ALJ's determination that Plaintiff was no longer entitled to disability benefits as of April 1, 2004. In order to evaluate a claimant's entitlement to continued disability benefits, the Commissioner generally must follow an eight-step evaluation process. 20 C.F.R. § 404.1594(f). The only issues presented for review in this case—whether plaintiff completed a trial work period and engaged in substantial gainful activity beginning in April 2004—arise at the first step of the analysis. *See* 20 C.F.R. § 404.1594(f)(1) ("Are you engaging in substantial gainful activity? If you are (and any applicable trial work period has been completed), we will find disability to have ended. . . ."). Because the ALJ concluded at step one that Plaintiff is no longer disabled, he did not consider the remaining steps.

### B. Whether Plaintiff Completed a Trial Work Period

The trial work period is a period of months during which an individual is permitted to perform work activity ("services") which will not be deemed to indicate that his disability has ceased. 42 U.S.C. § 422(c)(2). The trial period begins in the month in which the individual is found to be entitled to disability insurance benefits, 42 U.S.C. § 422(c)(3), and ends at the close of the ninth month, in any period of sixty consecutive months, in which the individual renders services, regardless of whether the nine months are consecutive. 42 U.S.C. § 422(c)(4)(A). As the regulations explain, the trial work period is intended to permit an individual to test his ability to work while still being considered disabled. 20 C.F.R. § 404.1592(a).

The term "services," for purposes of the trial work period, is defined by the regulations as "any activity (whether legal or illegal), *even though it is not substantial gainful activity*, which is done in employment or self-employment for pay or profit, or is the kind normally done for pay or profit." *Id.* § 404.1592(b) (emphasis added); *see also* 42 U.S.C. § 422(c)(2) (defining "services" as any work activity "performed for remuneration or gain or is determined by the Commissioner of Social Security to be of a type normally performed for remuneration or gain.").

Work activity performed by an employee will be deemed "services" under this definition if it is

remunerated above the threshold level set by the regulations. Based on the formula set forth in 20 C.F.R. § 404.1592(b)(1)(ii), work activity yielding earnings of more than $570 per month in 2003, and more than $580 per month in 2004, counted as "services."

Plaintiff in this case asserts that substantial gainful activity "did not occur in the nine months before April 1, 2004," and that "the presumption of [substantial gainful activity] based on the amount of money being paid to Mr. Queener by his employer, during 2003 and 2004 was in error." (Doc. No. 10, at 2, 7.) These arguments indicate Plaintiff's misapprehension of the regulatory scheme, since the question of whether he performed substantial gainful activity during the trial work period is simply not relevant, as indicated above. *See* 20 C.F.R. § 404.1592(b). The question is whether his earnings for work activity as an employee exceeded the threshold levels established by the regulations. In that regard, the record in this case indicates that Plaintiff's monthly countable income from June 2003 (the first month such earnings began after Plaintiff was found to be disabled) through the next ten months were as follows:

    June 2003:       $1,550.85

    July 2003:        $2,954.00

    August 2003:    $2,695.53

    September 2003: $4,504.85

    October 2003:   $2,208.72

    November 2003:   $664.65

    December 2003: $5,110.42

    January 2004:   $1,955.13

    February 2004:       $0

    March 2004:     $1,374.77

(AR 116.) In other words, Plaintiff began receiving countable monthly income well in excess of the threshold level in June 2003, and continued earning above or well above the threshold level each of the subsequent seven months (July 2003 through January 2004), and picked up again, after skipping February 2004, in March 2004. (AR 116.)[2] On the basis of this evidence, the ALJ concluded that

---

[2] Although he earned substantially less in November 2003 than in the other months, the amount was still above the threshold level for determining whether the work activity qualified as services performed during a trial work period.

Plaintiff's trial work period expired at the end of March 2004, by counting the nine months beginning with April 2003 through January 2004, and March 2004.

Again, Plaintiff's argument that the services performed did not qualify as substantial gainful activity is unavailing. Plaintiff admits that he performed activities and duties of a position specifically made up by his employer, and there is no dispute regarding the earnings received during the pertinent months. Under the statute and regulations, Plaintiff performed services for his employer, and received earnings in excess of the threshold amounts of $570 and $580 per month. The ALJ's determination that the nine-month trial work period expired at the end of March 2004, based on Plaintiff's earnings during the relevant months, is supported by substantial evidence in the record.

        **C.**        **Whether Plaintiff Engaged in Substantial Gainful Activity Beginning in April 2004**

At the close of a trial work period, an individual's entitlement to disability benefits will be deemed to have ceased for any month in which he engages in substantial gainful activity. 20 C.F.R. § 404.1592a(a)(1). Substantial gainful activity is work activity that is both substantial and gainful. 20 C.F.R. § 404.1572. Substantial work activity is work activity that involves doing significant physical or mental activities. Work may be "substantial" even if it is done on a part-time basis, or if the claimant does less, gets paid less, or has less responsibility than before. 20 C.F.R. § 404.1572(a). "Gainful" work activity is work activity done for pay or profit, or that is usually done for pay or profit, even if a profit is not realized. 20 C.F.R. § 404.1572(b).

The regulations provide a formula for determining whether earnings in any given month or year presumptively qualify as substantial gainful activity. Based on the formula set forth at 20 C.F.R. § 404.1574(b)(2)(ii)(A), for work to qualify as substantial gainful activity during 2004, a claimant had to earn an average of more than $810 per month and $9,720.00 for the year; $830.00 per month and $9.960.00 per year for 2005; and $860.00 per month and $10,320.00 per year for 2006. *See* 20 C.F.R. § 404.1574(b)(2)(ii); SSR 83-33.

In the present case, Plaintiff worked as an insurance underwriter for many years before becoming ill, earning annual incomes in the range of $50,000 to $60,000. His income took a dive when he became ill and was unable to work full-time. After the expiration of the nine-month trial work period, he continued to make substantially less than he had when he was working full time as an underwriter, but his income

never fell below the threshold of $810 per month in 2004, or $830 in 2005. In fact, the record reflects that Plaintiff's monthly earnings from April 2004 through August 2005 were as follows:

| | |
|---|---|
| April 2004: | $2,061.58 |
| May 2004: | $2,318.97 |
| June 2004: | $1,256.61 |
| July 2004: | $2,396.41 |
| August 2004: | $2,841.77 |
| September 2004: | $2,793.34 |
| October 2004: | $2,627.90 |
| November 2004: | $2,277.56 |
| December 2004: | $3,675.41 |
| January 2005: | $1,371.39 |
| February 2005: | $1,439.00 |
| March 2005: | $1,648.74 |
| April 2005: | $3,773.51 |
| March 2005: | $1,648.74 |
| April 2005: | $3,773.51 |
| May 2005: | $4,651.76 |
| June 2005: | $1,521.37 |
| July 2005: | $6,324.84 |
| August 2005: | $3,203.94 |

(AR 116.) Plaintiff's annual income for 2006 was in excess of $50,000, rendering a monthly average in the range of $4,500. There is no dispute that Plaintiff's earnings for each month following March 2004 up until he returned to work full time in 2006 were well above the threshold level for determining whether work activity qualifies as substantial gainful activity.

Nonetheless, the presumption that work qualifies as substantial gainful activity based on earnings that exceed the regulatory threshold created by 20 C.F.R. § 404.1574(b)(2) may be rebutted if the claimant can show that the income earned was "not directly related to [the claimant's] productivity." 20

C.F.R. § 404.1574(a)(2). To the extent the claimant can show that the amounts paid exceeded the value of the work performed, only that portion that was actually *earned* will be considered in determining whether the earnings qualify the work as substantial gainful activity. S*ee id.* ("When your earnings exceed the reasonable value of the work you perform, we consider only that part of your pay which you actually earn. If your earnings are being subsidized, we do not consider the amount of the subsidy when we determine if your earnings show that you have done substantial gainful activity. We consider your work to be subsidized if the true value of your work, when compared with the same or similar work done by unimpaired persons, is less than the actual amount of earnings paid to you for your work.").

In this case, Plaintiff argues emphatically that the income he was paid beginning in June 2003 up until the time he went back to work full time as an underwriter in June 2006 was subsidized by his employer and therefore should not qualify as substantial gainful activity. The ALJ rejected that argument, noting that he had given Plaintiff additional time after the hearing to obtain documentation from his employer to corroborate his testimony as to the nature of his work. Two and a half months after the hearing before the ALJ was conducted, Plaintiff still had not produced any documentation from his employer to support his claim that his income was subsidized. The ALJ therefore rejected that claim and specifically concluded that "the income that [Plaintiff] received from his employer since June 2003 is hereby considered as having come from productive work for purposes of considering trial work period months and whether he was engaged in [substantial gainful activity] after the completion of 9 months of trial work." (AR 20.)

That conclusion is supported by substantial evidence in the record. To be sure, the record includes Plaintiff's self-serving testimony that he was performing "make work" and being paid significantly more than the value of the work. Specifically, he asserts that beginning in June 2003 up until the time he went back to work full time as an underwriter in June 2006, he did no substantial work for the company but received payment in recognition of his long service to the company. Plaintiff reported that during this time frame he went into the office two full days a week, and three partial days on the days he had to undergo dialysis for four to six hours. He testified at the hearing that he was paid hourly at a rate equivalent to what an underwriter would be paid, but that he did routine file reviews and other menial tasks that ordinarily no one in the office was paid to do. He came and went as he pleased, did not keep

strict records of the hours he worked, and had frequent absences when he was not feeling well. He also testified that no one else did the job he was doing either before him or after he stopped doing it.[3]

The record, however, also contains a letter from the Social Security Administration on September 2, 2005 to Plaintiff's employer, Indiana Insurance Company, explaining the concept of work "subsidized" by an employer and asking the employer to answer the question, "Do/did you consider [Plaintiff's] work [from June 2003 to September 2005, the date of the letter] to be fully worth the amount paid?" The employer checked the box to indicate the answer to this question was "Yes." The form was signed by Trisha Cole, HR Manager, and dated September 13, 2005. (AR 103–06.)

Based on the record as a whole, the Court finds that the ALJ's conclusions that (1) Plaintiff was engaged in substantial gainful activity beginning in April 2004 through the date of the ALJ's decision, and (2) that Plaintiff's income was not subsidized by his employer, are supported by substantial evidence in the record.

**V.     CONCLUSION**

For the reasons set forth above, the Court will deny Plaintiff's motion for judgment and affirm the Commissioner's decision. An appropriate Order will enter.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge

---

[3] Plaintiff filed an affidavit to accompany his memorandum in support of his motion for judgment on the administrative record. His affidavit essentially repeats the testimony he gave at the hearing. In any event, the affidavit is outside the administrative record and the Court declines to consider it.